## RUBLE v. THE STATE.

CRIMINAL LAW.—*Reformatory Institution for Women and Girls.* — *Instruction to Jury.*—The penal department of the Indiana Reformatory Institution for Women and Girls was not intended as a substitute for the state prison and the county jails, for female convicts over fifteen years of age, but only as a substitute for the state prison for such convicts. It was, therefore, error to charge the jury, on the trial of a woman for murder,

Ruble *v*. The State.

after the opening of said penal department for the reception of female convicts, that in case of the conviction of the defendant of manslaughter, the penalty was at least two years' imprisonment in the penal department of said reformatory institution, omitting to charge that the jury might, in their discretion, imprison the defendant in the county jail at hard labor, under the direction of the jailor.

From the Decatur Circuit Court.

*W. A. Moore* and *C. & J. K. Ewing,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

WORDEN, J.—The appellant, Mary Ruble, was indicted in the court below for the crime of murder, and, upon trial by jury, was convicted of manslaughter, and sentenced to imprisonment in the penal department of the female prison and reformatory institute for girls and women, for the period of two years.

The court charged the jury that the penalty, in case of a conviction, was at least two years' imprisonment in the penal department of the reformatory institute for women, omitting to charge that the jury might, in their discretion, imprison the defendant in the county jail, at hard labor, under the direction of the jailor. The charge was excepted to by the defendant.

The general penalty for manslaughter is imprisonment in the state prison, not more than twenty-one, nor less than two years. 2 G. & H. 438, sec. 8. It is provided, however, in section 57, p. 454, that " upon the conviction of any female of any crime or offence specified in this act, the punishment for which is confinement in the State's prison, she may, instead of such punishment, be imprisoned at hard labor in the jail of the county, under the direction of the jailor."

The sixteenth section of the " act to establish a female prison and reformatory institution for girls and women," etc. (Acts 1869, p. 61–65), provides, that " after the penal department of said institution shall have been proclaimed open for the reception of female convicts as hereinbefore provided, it

shall not be lawful for any court to sentence any female convict to the state prison upon conviction of any crime, but thereafter every female convict shall be sentenced to imprisonment in the penal department of the institution created by this act, and the term of imprisonment for which such female convict may be sentenced, shall be any period of time for which she might, on conviction, have been sentenced to the state prison, at and prior to the passage of this act."

Section 18 of the act is as follows:

"Nothing in the provisions of this act contained shall be so construed as to prevent any court, upon the conviction of any woman or any girl over fifteen years of age, of any criminal offence, from sentencing such convict to imprisonment in the county jail of the proper county, under the provisions of any law in force in this State prior to and at the time of the taking effect of this act."

It is clear, taking sections 16 and 18, above quoted, together, that the legislature did not intend that the female prison should be a substitute for the state prison and the county jails for female convicts over fifteen years of age, but only a substitute for the state prison. It was still left discretionary to imprison such female convicted of crime in the proper county jail, wherever it might have been done under the law as it stood before the passage of the act in question. It results that a woman convicted of a crime, which formerly would have subjected her to imprisonment in the state prison or the county jail, may now be imprisoned in the "Indiana reformatory institution for women and girls," or the county jail. As the jury fixes the punishment, where the cause is tried by a jury, they must, in such case, determine where the imprisonment shall take place.

We think the court erred in giving the charge, as from it the jury might well have inferred that the appellant could only be imprisoned in the Indiana reformatory institution for women and girls. The jury should have been informed that, upon the conviction of the accused, they might determine that she be imprisoned in the penal department of the

Indiana reformatory institution for women and girls, or at hard labor in the jail of the county, under the direction of the jailor.

There are some other questions made in the case, but we pass them over, as they may not arise upon another trial of the cause.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for a return of the prisoner.